20cv 834 (LAK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHMUD Abouhalima, Petitioner         2-08-020
           v.
UNITED STATES OF AMERICA, Respondent

Court of appeal Docket # 16-2191
District Court Case # S9-93-cr-180 (LAK)

MOTION TO CONSOLIDATE

Honorable Lewis A. Kaplan:

Comes Now, Petitioner Mahmud Abouhalima, Pro Se, File this motion to consolidate his motion, "case," with his other codefendants cases and in support states the following:

1- In 1994 Petitioner was sentenced to 240 years imprisonment stemming from his 1993 conviction in the World Trade Center case. Included in his sentence was a 60 year term based on two counts, counts nine and ten, for violation of 18 USC 924(c) each of which resulted in 30 year sentences consecutive to each other and consecutive to the other nine counts.

2- The Predicate crime for count nine is a violation of 18 USC 111 (assault) and for counts ten is 18 USC 371 (Conspiracy).

3- In June 2016 Petitioner Field a Pro se motion in the United States Court of appeals for the second circuit seeking permission

-1-

to File Successive Petition, 2255 motion to vacate, correct illegal sentenc challenging both 924(c) conviction in counts nine and ten of his indictment relying on Johnson v. United States, 135 S.Ct 2551, (2015)

4. The Second Circuit stayed the Proceeding Pending a Final decision in United States v. Barrett, which was Finally determined in the Second Circuit on August 30, 2019. 2019 WL 4121728 after the U.S. Supreme Court Stroke down the 924(c) residual clause as unconstitutionally vague in United States v. Davis, 139 S.Ct. 2319 (2019).

5. The Government already consents to vacating the 924(c) based on the conspiracy conviction in count ten of my indictment and my codefendants indictment, but argues that the recent decision in United States v. Davis does not invalidate the 924(c) conviction Predicated on an assault conviction.

6. Petitioner Just Learned that on January 29, 2020 the United States Court of appeals For the Second Circuit Granted Petitioner petition to File Successive 2255 motion and transferring Petitioner's File to the United States District court for the southern District of New York before the honorable Lewis A. Kaplan. D.J.

7. In his order dated October 10, 2019 case 1:93-CR-180-LAK document 922, Judge Kaplan ordered the Government to File one BRIEF For issues common to all Petitioners (my codefendants) in response to Petitioner's 2255 motions in reference to my codefendants actions in this Court:

-2-

My codefendants are:

NIDAL M. AYYAD v. UNITED STATES   16-cv-4346 (LAK)
AHMAD M. AJAJ v. UNITED STATES    16-cv-5031 (LAK)
MOHAMMAD A. SALAMEH v. UNITED STATES   16-cv-5184 (LAK)
EYAD ISMOIL v. UNITED STATES      16-cv-5658 (LAK)

8- On 12-09-2019 the Government File its ONE BRIEF in opposition to Petitioner's (my codefendants) motion and stated among other things," In June 2016, Petitioners (my codefendants) Filed nearly identical Pro se motions under 28 USC 2255 to vacate, set aside or correct their sentences.

9- The Petitioner, Mahmud Abouhalima, believe that he Filed the same identical motion in June 2016 in the second circuit, However for unknown reason, Petitioner discovered that that motion has incomplete numbers of pages. However, Petitioner Now File this motion to consolidate his motion with his codefendants motions, cases, to be included in the same Process in both the Government's response, its consents to Count ten, and in the Federal public defenders' lawyers reply to the Government's brief which due on 2/09/2020, and in any Further Proceedings since Petitioner's under the same exact indictment (as in his codefendants' indictment Case # 93-cr-180-LAK), has the same conviction as in March 1994, including the two 924(c) counts nine and ten" the subject matter of this whole Proceedings") and since there's NO conflict of interest between Petitioner and any of his codefendants, and For the interest of Justice, and Judicial economy and Time consumption.

-3-

10. Has the Petitioner _not_ to File a Petition in the second circuit in the First place, in June of 2016, to seek Permission to File his 2255 motion, he could of Joined his codefendants in the district court, as the honorable Lewis A. Kaplan has consolidated all my codefendants motions "cases", under the same Proceedings For both the Government and the Federal Public defender's lawyers to File <u>ONE BRIEF</u> on the behalf of all Petitioners.

11. For the above mentioned Grounds Petitioner, Mahmud Abouhalima, Prays and request that this honorable court to consolidate his case, motion, with all his codefendants cases and Joined the same Proceedings including the Arguments to dismiss count nine, the assault count.

Date February 08, 2020

Respectfully submitted
Abouhalima

Mahmud Abouhalima
Reg # 28064-054
U.S. Penitentiary-Max
P.O. Box 8500
Florence, Co 81226

-4-

## CERTIFICATE OF SERVICE

I, Mahmud Abouhalima, hereby certify the foregoing documents, my motion to consolidate and change of address was provided to BOP staff to be sent via USPS outgoing mail pursuant to the "Prison mail box Rule," to the United States District Court Southern District of New York Attn: Clerk of the Court. A copy of the foregoing documents was also sent to the United States Assistant Attorney's Office for the Southern District of New York.

Date Feb. 08, 2020

Respectfully submitted

Abouhalima

Mahmud Abouhalima
Reg # 28064-054
U.S. Penitentiary Max
P.O. Box 8500
Florence, CO 81226



Name: Mahmud Abouhalima
Reg. No: 28064-054
U.S. Penitentiary Max.
P.O. Box 8500
Florence, CO 81226-8500

"LEGAL MAIL
SPECIAL MAIL"

Clerk of the Court
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007 Pro Se Intake