UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHMUD ABOUHALIMA,

                                    Movant,

          - against -

UNITED STATES,

                                    Respondent.

93 Cr. 180 (LAK)
20 Civ. 834 (LAK)

**GOVERNMENT'S OPPOSITION
TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Andrew K. Chan
Assistant United States Attorney
*-Of Counsel-*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................... 1

   I.   Background and Procedural History .................................................................. 2

       A.   The Indictment ................................................................................... 2

       B.   Petitioner's Convictions ..................................................................... 2

       C.   The Defendant's Motion under 28 U.S.C. § 2255 .............................. 3

   II.   *Davis* Does Not Affect Count Nine Because Its Predicate Crime—Assault—Has as an Element the Threatened, Attempted, or Actual Use of Force ........................................... 4

       A.   Applicable Law .................................................................................. 5

       B.   Petitioner Was Convicted of 18 U.S.C. § 111(b) ............................... 6

       C.   18 U.S.C. § 111(b) is a Crime of Violence Under § 924(c)(3)(A) .............................. 8

       D.   The Court's Jury Charge Does Not Change Count Nine's Status as a Crime of Violence ........................................... 10

CONCLUSION .................................................................................................... 11

## PRELIMINARY STATEMENT

The Government respectfully submits this opposition to the motion filed by Mahmud Abouhalima (the "Defendant" or "Petitioner") pursuant to 28 U.S.C. § 2255 (the "Motion") (Docket No. 934). Abouhalima argues that his convictions at trial for violating 18 U.S.C. § 924(c) ("Section 924(c)"), as charged in Counts Nine and Ten of the S5 93 Cr. 180 Indictment, are unconstitutional because the respective predicate offenses for these counts—assault on a federal official in violation of 18 U.S.C. § 111 (Count Nine) and conspiracy to destroy buildings in violation of 18 U.S.C. § 371 (Count Ten)—are not "crimes of violence."

In light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) and the Second Circuit's decision in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), the Government consents to a partial grant of Abouhalima's motion. Specifically, the Government consents to the entry of an amended judgment excising Abouhalima's conviction on Count Ten and reducing Abouhalima's total sentence by the length of time attributable to Count Ten. However, Abouhalima's motion should be denied with respect to Count Nine because assaulting a federal official in violation of Section 111 remains a "crime of violence" under the elements clause of Section 924(c)(3)(A), which is undisturbed by *Davis* and its progeny.[1]

---

[1] The Government addressed identical claims raised by Abouhalima's co-defendants Eyad Ismoil, Ahmad Mohammad Ajaj, Nidal Ayyad, and Mohammad Salameh in its opposition filed on December 9, 2019 (Docket No. 928) and supplemental briefing filed on March 19, 2020 (Docket No. 945). The Government hereby incorporates by reference its briefing from those dates.

## I.      Background and Procedural History

### A.  The Indictment

Abouhalima was charged with various crimes relating to his role in the 1993 bombing of the World Trade Center in Manhattan.  *See* S5 93 Cr. 180 (Dkt. 42, 412.)  Relevant here, Count Eight of the indictment charged that Abouhalima and his co-defendants:

> [U]nlawfully, wilfully, knowingly and forcibly did assault, oppose, impede, intimidate, and interfere with a person designated in Section 1114 of Title 18 of the· United States Code, while that person was engaged in and on account of the performance of official duties, and in doing so, the defendants did use a deadly and dangerous weapon, to wit, the defendants did cause an explosion at the World Trade Center complex by use of an improvised explosive device, the force of which explosion injured three Special Agents with the United States Secret Service [in violation of Title 18, United States Code, Sections 111 and 2].

Count Nine of the relevant indictment further charged that the defendant:

> [U]nlawfully, wilfully, and knowingly, and during and in relation to a crime of violence for which they may be prosecuted in a court of the United states, namely, the forcible assault of federal officers in violation of Title 18, United States Code, Section 111 as set forth in Count Eight of this Indictment, which is incorporated by reference herein, did use and carry a firearm, as that term is defined in Title 18, United States Code, Section 921(a) to include any destructive device, to wit, the defendants did use and carry an improvised explosive device during and in relation to Count Eight of this Indictment [in violation of Title 18, United States Code, Sections 924(c) and 2].

(Dkt. 42, 412).

### B.  Petitioner's Convictions

On March 4, 1994, following a six-month trial before United States District Judge Kevin T. Duffy involving more than "1000 exhibits and the testimony of more than 200 witnesses,"[2] a jury convicted Mahmud Abouhalima of all the counts with which he was charged.  During the

---

[2] *United States v. Salameh*, 152 F.3d 88, 108 (2d Cir. 1998).

course of Abouhalima's trial, Judge Duffy instructed the jury with regard to the second of five elements of Count Eight that:

> [T]he government must prove . . . that the defendants forcibly assaulted or resisted or opposed or impeded or intimidated or interfered with the victim.  Although the indictment alleges that the defendants forcibly assaulted or resisted or opposed or impeded or intimidated or interfered with the victim, I'm telling you it's not necessary that the government prove all of those things; that is, assaulted, resisted, and so on and so forth.  It's sufficient that the government proves beyond a reasonable doubt that the defendant did any one of these several alternative acts as charged.

(Trial Tr. at 9166)).

### C.  The Defendant's Motion under 28 U.S.C. § 2255

On June 27, 2016, Abouhalima submitted a motion to the Second Circuit requesting permission to file a second or successive motion under 28 U.S.C. § 2255(h), Case No. 16-2191.  On January 29, 2020, the Second Circuit granted Abouhalima's motion to file a successive motion.  (Docket Nos. 932, 934).  In his motion, Abouhalima argues that the Court should vacate his conviction under Count Nine because an assault of a federal officer does not constitute a "crime of violence" under either Section 924(c)(3)(A)'s "elements  clause" or, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Section 924(c)(3)(B)'s "risk-of-force clause."[3]  In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's ("ACCA") definition of "violent felony" was unconstitutionally vague because it defined that term to "include offenses that presented a 'serious potential risk of physical injury to another.'"  *Davis*, 139 S. Ct. at 2326 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).  Abouhalima argued that because the relevant portion of ACCA mirrors Section 924(c)(3)(B)'s definition of a "crime of violence,"

---

[3] Abouhalima also challenged his 924(c) conviction in Count Ten, which the Government does not oppose.

3

Section 924(c)(3)(B) suffers from the same constitutional defect, and therefore his conviction under Count Nine should be vacated.

On June 24, 2019, the Supreme Court held in *United States v. Davis* that the risk of force clause in Section 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. Two months later, the Second Circuit applied that holding in *United States v. Barrett*, vacating under Section 924(c)(3)(B) a defendant's conviction for having used a firearm in furtherance of a Hobbs Act robbery conspiracy. 937 F.3d at 127. In *Barrett*, the Second Circuit also left undisturbed the defendant's convictions under Section 924(c)(3)(A), the elements clause, which were predicated on substantive Hobbs Act offenses.

## II.  *Davis* Does Not Affect Count Nine Because Its Predicate Crime—Assault—Has as an Element the Threatened, Attempted, or Actual Use of Force

The Court should deny Abouhalima's motion to vacate his conviction in Count Nine. Although *Davis* invalidated Section 924(c) convictions predicated on offenses that were only deemed "crimes of violence" under Section 924(c)(3)(B)'s risk-of-force clause, *Davis* does nothing to disturb Section 924(c) convictions predicated on "crimes of violence" that fall within the definition of Section 924(c)(3)(A)'s elements clause. Here, Count Nine was predicated on Abouhalima's conviction for assaulting federal officers, as charged in Count Eight, and because the assault of federal officers has as an element the use, or threatened or attempted use, of force, it therefore qualifies as a "crime of violence" under Section 924(c)'s elements clause. Accordingly, Abouhalima's conviction on Count Nine should not be vacated.

4

### A.  Applicable Law

Section 924(c) criminalizes the use or carrying of a firearm[4] "during and in relation to any crime of violence" that is itself a violation of federal law.  18 U.S.C. § 924(c)(1)(A).  The statute further defines a "crime of violence" as an offense that is a felony and either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). As is described above, subsection (A) is often referred to as the "elements clause" and remains undisturbed following *Davis*.  Subsection (B), often referred to as the "risk-of-force clause" or the "residual clause," is no longer valid following *Davis*.

To determine whether an offense is a crime of violence under the elements clause, courts employ a "categorical approach" or, if the statute is divisible, a "modified categorical approach." *Mathis v. United States*, 136 S. Ct. 2243, 2248–49 (2016).  "The categorical approach is confined to an examination of the legal elements of the . . . criminal statute [at issue] to determine whether they are identical to or narrower than the relevant federal statute."  *United States v. Jones*, 878 F.3d 10, 16 (2d Cir. 2017).  Where the criminal statute at issue is "divisible," meaning that it "criminalize[s] multiple elements in the alternative[,] . . .  courts may employ what is known as the modified categorical approach," which permits the court to consult a limited set of approved documents to determine which elements formed the basis of the defendant's conviction.  *Id.*  The limited class of documents includes, "for example, the indictment, jury instructions, or plea agreement and colloquy."  *Mathis*, 136 S.Ct. at 2252.

---

[4] A "firearm" includes "any destructive device," such as a "bomb."  18 U.S.C. §§ 921(a)(3), (a)(4)(A)(i).

Under either approach, courts identify "the minimum criminal conduct necessary for conviction under a particular statute," *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006), by "'look[ing] only to the statutory definitions'—*i.e.*, the elements—of [the] offense[], and not 'to the particular [underlying] facts,'" *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 500 (1990)). A reviewing court "cannot go behind the offense as it was charged to reach [its] own determination as to whether the underlying facts" qualify the offense as a crime of violence. *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018) (quotations marks omitted).

To show a predicate conviction is not a crime of violence "requires more than the application of legal imagination to [the] statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Rather, there must be "a realistic probability, not a theoretical possibility," that the statute at issue could be applied to conduct that does not constitute a crime of violence. *Id.* To show that a particular reading of the statute is realistic, a defendant "must at least point to his own case or other cases in which the . . . courts in fact did apply the statute in the . . . manner for which he argues." *Id.* To that end, the categorical approach must be grounded in reality, logic, and precedent, not lawyerly speculation. *See Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (noting that "focus on the minimum conduct criminalized by the [relevant] statute is not an invitation to apply 'legal imagination' to the . . . offense" (quoting *Duenas-Alvarez*, 549 U.S. at 193)).

### B.  Petitioner Was Convicted of 18 U.S.C. § 111(b)

To determine whether assault in violation of 18 U.S.C. § 111 qualifies categorically as a "crime of violence," courts first apply a modified categorical approach to assess whether the defendant was convicted of § 111(a) or (b). *See United States v. Chestaro*, 197 F.3d 600, 607 (2d

Cir. 1999) ("[Section 111(b)] defines a separate offense [from 111(a)] rather than simply a sentencing enhancement."); *United States v. Hernandez-Hernandez*, 817 F.3d 207 (5th Cir. 2016) ("§ 111 is divisible . . . [O]ur precedent establishes that § 111 encompasses 'three separate offenses.'").

Section 111 provides as follows:

> (a) IN GENERAL. — Whoever —
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
> (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service, shall be fined under this title or imprisoned not more than three years, or both. 4
>
> (b) ENHANCED PENALTY. — Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon, shall be fined under this title or imprisoned not more than ten years, or both.

PL 100–690 (HR 5210), PL 100–690, November 18, 1988, 102 Stat 4181[5]

Section 111 "contains three separate offenses, each element of which must be charged in the indictment and proven to the jury beyond a reasonable doubt."  *United States v. Hathaway*, 318 F.3d 1001, 1007 (10th Cir. 2003).

In this case, using the modified categorical approach, it is clear from the plain language and structure of the operative charging documents that Abouhalima and his co-defendants were convicted in Count Eight under Section 111(b).  Count Eight charged Abouhalima with "us[ing] a deadly and dangerous weapon" in connection with their assault of federal officers and specified

---

[5] The 1988 version of Section 111 was the operative version at the time of the underlying conduct in this case.  Subsequent versions of the statute are all similar with the primary difference being changes made to the statutory maximum.

that Abouhalima "cause[d] an explosion at the World Trade Center complex by use of an improvised explosive device . . . the force of which explosion injured three Special Agents with the United States Secret Service."  Count Nine, in turn, charged that Abouhalima and his co-defendants used and carried a destructive device, "an improvised explosive device" during and in relation to the assault charged in Count Eight.  Because the charging instruments explicitly linked the assault alleged in Count Eight to the "use of a deadly and dangerous weapon," and the jury convicted on these grounds, it is apparent that Petitioners were found guilty of violating Section 111(b).  As is described further below, that particular offense qualifies as a crime of violence under the elements clause of Section 924(c).

### C.  18 U.S.C. § 111(b) is a Crime of Violence Under § 924(c)(3)(A)

The assault of a federal officer, as charged in Count Eight, is a crime of violence under § 924(c)(3)(A).  As several other district and Circuit courts have found, "[t]he use of a deadly or dangerous weapon while in the commission of an assault on a federal officer necessarily involves the 'use, attempted use, or threatened use of physical force.'"  *Rodriguez v. United States*, No. 3:16-CV-1784 (JCH), 2019 WL 5552325, at *10 (D. Conn. Oct. 25, 2019).  Indeed, courts have uniformly held that convictions under Section 111(b) are "crimes of violence" that qualify as predicate offenses under Section 924(c)(3)(A)'s elements clause and other federal statutes containing identical (or near identical) clauses.  *See United States v. Cole*, 722 F. App'x 749, 749 (9th Cir. 2018) (acknowledging, in a Section 924(c) case, that the Ninth Circuit "has held that a defendant charged with assault by using a deadly or dangerous weapon in violation of 18 U.S.C. § 111(b) must necessarily threaten the use of force"); *United States v. Taylor*, 848 F.3d 476, 492-93, 494 (1st Cir. 2017) ("In fact, every court we are aware of that has considered the issue has found that [Section 111(b) is a crime of violence] because the elements of the enhanced offense

require the use, attempted use, or threatened use of force capable of causing pain or injury."); *United States v. Kendall*, 876 F.3d 1264, 1270 (10th Cir. 2017) ("Four circuits have held that a violation of § 111(b) constitutes a crime of violence."); *United States v. Rafidi*, 829 F.3d 437, 443-444 (6th Cir. 2016) ("We conclude that a violation of § 111(b)—the portion of the statute under which Rafidi was convicted—constitutes a 'crime of violence' under § 924(c)."); *United States v. Hernandez-Hernandez*, 817 F.3d 207, 217 (5th Cir. 2016) ("We hold that § 111(b) is categorically a crime of violence."); *United States v. Green*, 543 F. App'x. 266, 272 (3d Cir. 2013) ("[S]ome form of forcible conduct is required for violations of § 111 . . . .  The statute therefore "has as an element the use, attempted us[e], or threatened use of physical force against another"); *Larode v. United States*, 356 F. Supp. 3d 561, 569-72 (E.D. Va. 2019) ("[A]ssaulting a federal officer qualifies as a crime of violence under the force clause—at least where, as here, the defendant is charged under Section 111's enhanced-penalty provision [under Section 111(b)]."); *see also United States v. Delaney*, 214 F. App'x 356, 359 (4th Cir. 2007) ("Regarding the forcible assault charge, a conviction of "forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with [a federal officer]," under § 111(a)(1), "has as an element the use, attempted use, or threatened use of physical force against the person of another."); *United States v. Kendall*, 876 F.3d 1264, 1270 (10th Cir. 2017)  (finding that a § 111(b) conviction is a "force clause" crime of violence under the Sentencing Guidelines).

Indeed, because Abouhalima was convicted of an act of physical force heightened by "the use of a deadly weapon, . . . § 111(b) elevate[s] th[e] lower degree of physical force under § 111(a) into violent force sufficient to establish § 111(b) as a crime of violence." *Larode*, 356 F. Supp. 3d, at 572 (quoting from *Rafidi*, 829 F.3d, at 445-446) (internal quotations omitted)

Accordingly, Count Eight remains a valid predicate offense to support Abouhalima's conviction on Count Nine.

### D. The Court's Jury Charge Does Not Change Count Nine's Status as a Crime of Violence

Abouhalima's co-defendants raised a new argument in their reply brief suggesting that the Court's jury instructions relating to *Pinkerton* liability as an alternative basis for liability render Count Nine invalid under Section 924(c)(3)(A)'s elements clause. To the extent that Abouhalima seeks to adopt this argument, it is both procedurally defaulted and meritless.

At the outset, the defendant is procedurally barred from raising this argument because it was not raised on direct appeal. As a result, the issue can only be raised here with a showing of (1) cause for the procedural default and actual prejudice; or (2) that he is actually innocent. *See Thorn v. United States*, 659 F.3d 227, 231 (2d Cir. 2011). Here, Abouhalima cannot make any of these showings. Abouhalima has not shown, for example, that this claim is "so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). Similarly, Abouhalima also cannot establish prejudice by showing that the allegedly "ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Frady v. United States*, 456 U.S. 152, 169 (1982) (quotation marks and citations omitted). Quite to the contrary, as further discussed below, this argument is completely without merit. Finally, Abouhalima has not asserted that he is in fact innocent of the crime charged and would not be able to "demonstrate that, *in light of all the evidence*, it is more likely than not that no reasonable juror would have convicted him" of Count Nine. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted and emphasis added).

In any event, the Court's *Pinkerton* instruction does not change the fact that Count Nine is a valid crime of violence under Section 924(c)(3)(A)'s elements clause. The Second Circuit

has already held in this case that the trial court's *Pinkerton* instruction was appropriate.  *United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998).  Additionally, the record clearly indicates that Abouhalima was convicted of a substantive violation of Section 111(b), not a conspiracy to commit a violation of Section 111(b).  Various courts have similarly rejected this argument.  *See United States v. Woods*, 2020 U.S. Dist. LEXIS 35096 (E.D. Mich. Mar. 2, 2020); *Clinton v. United States*, 2019 U.S. Dist. LEXIS 198592 (W.D.N.C. Nov. 14, 2019); *Moore v. United States*, 2019 U.S. Dist. LEXIS 183444, at *7 (W.D.N.C. Oct. 23, 2019); *United States v. Singleton*, 2019 U.S. Dist. LEXIS 127231, at *10-11 (D.S.C. July 31, 2019); *Belk v. United States*, 2020 WL 1495462, at *4 (W.D.N.C. Mar. 26, 2020) ("Petitioner has failed to demonstrate that a *Pinkerton* instruction converts a Hobbs Act robbery conviction into one for Hobbs Act conspiracy.") (collecting cases).

## CONCLUSION

For the reasons stated above, the Court should deny Petitioner's motion with respect to Count Nine without a hearing.  In addition, because the Petitioner not made a substantial showing of the denial of a constitutional right, no certificate of appealability should issue.

Dated:          New York, New York
                April 2, 2020

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney


                          By:    _____/s/_____
                                        Andrew K. Chan
                                        Assistant United States Attorney
                                        (212) 637-1072


Cc: Mahmud Abouhalima (by first class mail)

11