UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHMUD ABOUHALIMA,
    movant

v.

United States OF America,
    Respondant

Civil Action No. 20-cv-834 (LAK)
Criminal Case No. 93-cr-180 (LAK)

## DEFENDANT's OBJECTION TO THE GOVERNMENT RESPONSE

The movant-defendant, Mahmud Abouhalima, hereby objects to the Government's Letter Document. 12. dated August 13. 2020.

The Government in its response to defendant's 59(e) motion, that was dated August 13, 2020 and defendant's received it by U.S. Postal Service on August 28, 2020 stated that the "Defendant's argues that his sentence For using and carrying a destructive device in Furtherance of a Crime of violance in violation of Title 18, united States Code, section 924(c) Count Nine should be vacated." (DOCUMENT 12 page ID 1 OF 2).

Afterwards, the Government stated that: "No where did the Court suggest that the Penalties For Count Eight and Count Nine would merge or otherwise become one offense For the Purpose of the defendant's motion under 28 U.S.C 2255." Document 12 page ID 2 of 2).

1

The Government is wrong, because in the Court's memorandum and order, the Court specifically stated that " assaulting a Federal Officer in violation of this subsection is a crime of violance under section 924(c)(3)(A)'s element clause."

Thus the Court linked the Predicate offense for Count Nine with section 924(c)(3)(A)'s definition of a Crime of violance at a Post conviction phase without giving the movant - defendant timely and adequate notice that there is a nexis between the Predicate offense for Count Nine, and section 924(c)(3)(A)'s definition of a crime of violance. Put differently what the movant was charged with, and what the Court memorandum and order says the Movant is being sentenced for in regard to Count Nine, is two different things, because the nexis between the Predicate offense for Count Nine and 924(c)(3)(A)'s definition of Crime of violance was not established prior to the 924(c) conviction, nor was it clearly established Law when the movant was convicted for Count Nine...

The Fundemental requirements of Procedural due Process are notice and an opportunity to be heard. see Matthews v. Eldridge, 424 U.S. 319, 325 (1976) explaining that the essence of due Process requies "; Timely and adequate notice,". In this case, the movant

did not receive timely and adequate notice that there was a nexis between the Predicate offense For Count nine and Section 924(c)(3)(A)) definition of crime of violance ...

I swear or affirm under Penalty of Perjury under united states law that my above statements are true and correct 28 U.S.C § 1746 and 18 U.S.C § 1621...


September 3rd 2020
Date

Aboshalime
Mahmud Abouhalima
Reg # 28064-054
U.S. Penitentiary_max
P.O. Box 8500
Florence, Co 81226

3

## CERTIFICATE OF SERVICE

I, Mahmud Abouhalima, hereby certify under penalty of perjury that on September 3rd 2020 I served a copy of "Motion & Opposition to Government Response to Movant's Rule 59(e) motion" by United States mail on the following parties:

Clerk of Court, United States District Court for the Southern District of New York and a copy to United States Attorney's Office, Southern District of New York.

September 3rd 2020
Date

Mahmud Abouhalima
Mahmud Abouhalima
Reg No. 28064-054
U.S. Penitentiary - max
P.O. Box 8500
Florence, CO 81226